UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PAMELA SMITH,

    Plaintiff,

v.

CREDIT CONTROL, LLC,

    Defendant.

CASE NO.: 3:16-cv-416

**DEMAND FOR TRIAL BY JURY**

## COMPLAINT

Plaintiff, Pamela Smith (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, Credit Control, LLC (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Credit Control, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

1

intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and, this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District, the violations described in this Complaint occurred in this District, and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person and citizen of the State of Alabama, residing in Chambers County, Alabama.

9. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporate entity responsible for attempting to collect an alleged consumer debt from Plaintiff.

11. Defendant is a corporation with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 and which conducts business in the State of Alabama with a registered agent, C T Corporation System, located at 2 North Jackson Street, Montgomery, Alabama 36104.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number at issue in this action, (706) XXX-2118 (hereinafter "cellular telephone"), and was the called party and recipient of Defendant's calls.

13. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, beginning in September 2014, with such frequency as can reasonably be expected to harass, in effort to collect upon an alleged debt.

14. Defendant's calls to Plaintiff continued, on average, once per day.

15. Upon information and belief, some or all of the calls Defendant placed to Plaintiff's cellular telephone were placed using an "automatic telephone dialing system,"

3

(hereinafter "Autodialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

16. Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. Beginning in or about September 2014, Defendant began bombarding Plaintiff's cellular telephone in an attempt to collect an alleged debt.

18. Upon receipt of the calls, Plaintiff's caller identification feature identified the calls were being initiated from, but not limited to, phone number, (888) 401-9025.

19. Upon Plaintiff's receipt of one such call from Defendant, in or about October 2014, Plaintiff answered the call, received Defendant's prerecorded message, held on the line to be connected to a live agent/representative and informed said agent/representative to immediately cease all calls to her cellular telephone; furthermore, Plaintiff informed Defendant's aforementioned agent/representative that its incessant calls were harassing her and demanded Defendant immediately cease all calls to her cellular telephone; thereby unequivocally revoking any previously perceived expressed consent to be called using Defendant's Autodialer, predictive dialer, prerecorded message or artificial voice.

20. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff explicitly revoked any previously perceived expressed

consent Defendant may have believed it had for placement of telephone calls to Plaintiff's cellular telephone by the use of an Autodialer or pre-recorded or artificial voice.

21.     Each subsequent call Defendant made to Plaintiff's cellular telephone was done so after she revoked consent and without the expressed consent of Plaintiff.

22.     Each subsequent call Defendant made to Plaintiff's cellular telephone was knowingly and willfully placed to her cellular telephone without expressed consent.

23.     Despite Plaintiff informing Defendant to immediately stop calling on multiple occasions, Defendant's calls to Plaintiff's cellular telephone continued.

24.     Defendant called Plaintiff on her cellular telephone in excess of one thousand (1000) times since September 2014 in an attempt to collect an alleged debt.

25.     Defendant has, or should be in possession and/or control of, call logs, account notes, Autodialer reports and/or other records that detail the exact number of calls it placed to Plaintiff.

26.     Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by continuing to call Plaintiff despite not having Plaintiff's expressed consent to call her cellular telephone.

27.     Defendant has corporate policies and/or procedures to use an Autodialer or pre-recorded or artificial voice, and to place autodialed calls, just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendant, to permit, elect, or invoke the removal of Plaintiff's cellular number.

28. Defendant's corporate policies and procedures are structured so as to continue to call individuals like Plaintiff, despite these individuals revoking any consent, or perceived consent, Defendant may have believed it had to place such calls.

29. Defendant's corporate policies and procedures provided no means for Plaintiff to have her cellular number removed from Defendant's call list, or, otherwise invoke and/or request the cessation and/or suppression of calls to Plaintiff from Defendant.

30. Defendant has corporate policies or procedures of using an Autodialer or an artificial voice or prerecorded message to collect alleged debts from individuals, such as Plaintiff, for its financial benefit.

31. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. Defendant has numerous complaints against it, across the country, asserting that its Autodialer continues to call individuals who have revoked consent to be called.

33. Defendant knowingly employs methods and/or has a corporate policies and/or procedures designed to harass and abuse individuals such as Plaintiff.

34. Defendant knowingly employs methods that do not permit the cessation or suppression of autodialed calls to Plaintiff's cellular telephone.

35. None of Defendant's telephone calls placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. As a result of these collection efforts, Plaintiff suffered emotional distress caused by, and/or directly related to, Defendant's attempts to collect a debt allegedly owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff incorporates and realleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the Autodialer calls it made to Plaintiff's cellular telephone after Plaintiff notified and requested Defendant she wished for the calls to immediately cease.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an Autodialer or artificial voice or prerecorded voice message without Plaintiff's prior express consent and in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Credit Control, LLC for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the Court may deem just and proper.

Respectfully submitted,

Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
The Kress Building
301 19th Street North, Suite 581
Birmingham, AL 35203
(205) 458-1204 Telephone
(205) 208-9632 Facsimile
MicahAdkins@ItsYourCreditReport.com

Jared M. Lee, Esquire
*(motion for pro hac vice forthcoming)*
Florida Bar No.: 0052284
Morgan & Morgan, Tampa, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Attorney for Plaintiff(s)
JLee@ForThePeople.com
KVanBuskirk@ForThePeople.com