IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.   3:16-cv-416-WKW |
| | ) | |
| CREDIT CONTROL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 10, entered 12/1/16).  The Magistrate Judge recommends this case be dismissed for failure to prosecute and Defendant's *Motion to Dismiss* (Doc. 16, filed 11/8/16) be GRANTED.

### I.  BACKGROUND

This complaint was filed by the plaintiff, Pamela Smith on June 6, 2016.  *See* Doc. 1.  On September 2, 2016, counsel for the plaintiff filed their motion to withdraw.  *See* Doc. 12.  On September 28, 2016, the Court held a hearing on the motion to withdraw.  The Court advised the Plaintiff of her option to obtain new counsel or proceed *pro se* if she wished to continue this lawsuit.  Plaintiff indicated she wished to continue with the lawsuit and intended to proceed *pro se*.  The Court informed Plaintiff she would be held to the same rules and deadlines as someone represented by counsel.  The Court also orally directed Plaintiff to provide appropriate contact information to the Court and opposing counsel.  The Court then followed up with a written order on October 12, 2016.  *See* Doc. 15.  The Court specifically cautioned the plaintiff that failure to

comply would result in the Court treating the failure as an abandonment and failure to prosecute her claims. *Id*.

On November 8, 2016, Defendant filed a motion to dismiss based upon the failure of the plaintiff to comply with the Court's requirements. *See* Doc. 16. Plaintiff did not contact defendant to provide updated contact information. Defendant sent Plaintiff a letter dated October 28, 2016 to Plaintiff's last known addresses in order to conduct a discovery conference as required by Fed. R. Civ. P. 26(f). *See* Doc. 16, Ex. A. Defendant did not receive any response from Plaintiff and on November 8, 2016 filed the instant motion to dismiss for failure to prosecute.

On that same date, the Court entered a show cause order requiring the Plaintiff to respond on or before November 28, 2016. *See* Doc. 17. No response was filed and no further filings have been received from the Plaintiff.

## II.   JURISDICTION

Smith asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as she brings claims under 47 U.S.C. § 227, *et seq* (Federal Telephone Consumer Protection Act). The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both.

## III.   DISCUSSION

The Court entered an oral and written order directing Plaintiff to update the Court and defense counsel as to her proper address. Further, she was required to conduct a Rule 26(f) conference with the defendant and failed to do so. Plaintiff had been previously warned that her *pro se* status did not excuse her from compliance with the federal rules of civil procedure and orders of this Court. The Court entered a show cause order regarding Defendant's Motion to Dismiss to which Plaintiff failed to respond.

In short, the Plaintiff has done nothing in furtherance of her case since her last action in this case on September 28, 2016. There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. Therefore, the Court concludes that this case is due to be dismissed for failure to prosecute.

### IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case and Plaintiff's remaining claims be dismissed without prejudice for the failure of the plaintiff to prosecute this action and defendant's *Motion to Dismiss* (Doc. 16) be GRANTED.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **January 18, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of December, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE